**IN THE COURT OF APPEALS OF IOWA**

No. 15-0876
Filed September 23, 2015

**IN THE INTEREST OF D.S.,**
**Minor Child,**

**T.K., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel Block,

Associate Juvenile Judge.

A mother appeals from the order terminating her parental rights.

**AFFIRMED.**

Nina Forcier of Forcier Law Office, P.L.L.C., Waterloo, for appellant

mother.

Michael Lanigan of Law Office of Michael Lanigan, Waterloo, for father.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd and Janet

Hoffman, Assistant Attorneys General, Linda Fangman, County Attorney, and

Steven Halbach, Assistant County Attorney, for appellee State.

Melissa Anderson-Seeber of the Juvenile Public Defender's Office,

Waterloo, for minor child.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, C.J.**

A mother appeals from the juvenile court's order terminating her parental rights to her child, D.S.[1] The mother maintains the juvenile court abused its discretion by admitting the testimony of a substance abuse counselor. She claims the counselor shared "privileged and confidential" information. She also maintains D.S. could be returned to her care at the time of the termination hearing, or, in the alternative, she should have been given a six-month extension to work towards reunification. Lastly, the mother argues that due to the closeness of the bond she and D.S. share and because D.S. was in a relative placement, the juvenile court should have exercised its discretion not to terminate her parental rights.

Because medical privilege is not a ground for excluding evidence at a termination hearing, the district court did not abuse its discretion is admitting the report and testimony of the substance abuse evaluator. The statutory grounds for termination have been met, and a six-month extension is not warranted. Termination is in D.S.'s best interests, and no permissive factor weighs against termination. We affirm the juvenile court's order.

**I. Background Facts and Proceedings.**

D.S. was born in August 2011. The family first came to the attention of the Iowa Department of Human Services (DHS) in June 2014, when D.S.—who was not yet three years old—was found wandering by himself outside on a street for approximately twenty minutes. The mother was found sleeping in the home.

---

[1] The father's parental rights were also terminated. He does not appeal.

Due to concerns regarding lack of proper supervision and use of methamphetamine, D.S. was removed from the parents' custody.

On October 6, 2014, D.S. was adjudicated a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2). He was placed in the custody of his maternal relatives on November 20, 2014, where he remained throughout the proceedings.

The mother was ordered to complete a mental health evaluation and a substance abuse evaluation. She completed the substance abuse evaluation in August 2014. Due to the answers the mother provided the evaluator, substance abuse treatment was not recommended. The mother maintained she was not using drugs, and DHS encouraged her to complete drug testing as ordered to establish that she was not using. The mother largely refused, although she did appear for testing twice. She appeared once in November 2014, and the test results showed the mother had used methamphetamine and amphetamine. A second test completed in late December 2014 returned clean.

The mother completed a mental health evaluation in February 2015. She was diagnosed with antisocial disorder, and a minimum of three months of mental health counseling was recommended. In the evaluation, the doctor noted, "Given [the mother's] oppositional attitude, her denial of needing parenting assistance, and the results of this evaluation, her prognosis is poor." The mother did not attend any mental health counseling.

In early March 2014, the mother contacted the social worker to discuss entering the Heart of Iowa drug rehabilitation program. The program is a residential treatment facility where parents and their children reside together

while the parent receives drug treatment. The mother was advised that she would need to take another drug evaluation since the first one did not recommend treatment. On March 31, 2015—the day before the scheduled termination hearing—the mother obtained the drug evaluation. At the evaluation, the mother admitted to using methamphetamine daily, usually intravenously. She told the evaluator she had used methamphetamine earlier that same day. The mother stated she was last clean during her pregnancy with D.S. and for a short time following. Based on the mother's self-reporting, the evaluator determined the mother met the criteria for amphetamine dependence and recommended residential treatment.

The termination hearing was held on April 1, 2015. The mother did not attend. The mother's attorney stated that she anticipated the mother being at the hearing and she had spoken with her about it the day before. It was unknown why the mother did not attend as she had not yet began residential treatment. The mother's attorney was not able to contact her during the proceedings.

At the hearing, the social worker testified that the mother was currently unemployed. DHS was unaware where the mother was residing as she had been kicked out of her mother's home and would not provide DHS with a new address to reach her.

The juvenile court terminated the mother's parental rights to D.S. pursuant to Iowa Code section 232.116(1)(e) and (h) (2015). The mother appeals.

## II. Standard of Review.

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially

assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. Discussion.

### A. Testimony by Substance Abuse Counselor.

The mother maintains the juvenile court abused its discretion by admitting the report completed by and the testimony of the substance abuse evaluator because "privileged and confidential" information was admitted. The mother argues that even though she signed a release that allowed the evaluator to share information with DHS and the Heart of Iowa, the mother was unaware the information would be provided to the court.

In Iowa, there is no common law physician-patient privilege. *In re A.M.*, 856 N.W.2d 365, 371 (Iowa 2014). The privilege is strictly statutory. *Id.* Iowa Code section 232.96(5) provides an exception to the privilege:

> Neither the privilege attaching to confidential communications between a health practitioner or mental health professional and patient nor the prohibition upon admissibility of communications between husband and wife shall be ground for excluding evidence at an adjudicatory hearing.

Section 232.96(5) applies to termination hearings as well as CINA proceedings. *See State ex rel. Leas In re O'Neal*, 303 N.W.2d 414, 420 (Iowa 1981). Thus, the juvenile court did not abuse its discretion in admitting the testimony and report of the evaluator. *Id.* ("The admissibility of opinion testimony, lay or expert, has not

been distilled to distinct rules. Rather, it rests in the sound discretion of the trial court, and the trial court's determination will not be disturbed no appeal unless manifest abuse of that discretion causing prejudice to the complaining party is shown.").

**B. Grounds for Termination.**

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

On appeal, we may affirm the juvenile court's termination order on any ground we find supported by clear and convincing evidence. *D.W.*, 791 N.W.2d at 707. One of the grounds upon which the juvenile court terminated the mother's parental rights to D.S. was pursuant to Iowa Code section 232.116(1)(h). The juvenile court may terminate a parent's parental rights pursuant to section 232.116(1)(h) when, at the time of the termination hearing, the child was three years of age or younger, had been adjudicated a CINA, had been removed from the parent's care for at least six months, and could not be returned to the parent's care.

Here, the mother only disputes the juvenile court's determination that D.S. could not be returned to her care at the time of the termination hearing. The mother failed to appear for the termination hearing, and it was unclear why she did not attend. No one knew where she was residing, although the mother had told the social worker previously she would be allowed to return to her mother's home if D.S. was in her custody.

The mother also admitted to the substance abuse evaluator less than twenty-four hours before the termination hearing that she was using methamphetamine daily and had been for multiple years. The mother was unemployed. She had not followed through with any mental health or substance abuse treatment in spite of being diagnosed with antisocial disorder and amphetamine dependence. There is clear and convincing evidence D.S. could not be returned to the mother's care at the time of the termination hearing.

The mother also maintains that even if D.S. could not be returned to her care at the time of the hearing, she should have been given a six-month extension to pursue reunification. Pursuant to Iowa Code section 232.104(2)(b), the court may order a six-month extension if the need for the removal of the child from the child's home will no longer exist at the end of the additional period. Here, we cannot say a six-month extension is warranted. Although the mother recently completed the mental health and substance abuse evaluations as ordered, she had yet to obtain any forms of treatment or rehabilitation. The doctor who completed her mental health evaluation believed her prognosis was poor. The child's life should not be held in limbo for six additional months when

the parent does not appear for the termination hearing and the parent's whereabouts are unknown.

### C. Best Interests.

The mother maintains termination of her parental rights is not in D.S.'s best interests. She argues that, as his mother, she is best suited to meet his physical, emotional, and mental needs.

D.S. has been in the care of his maternal aunt and uncle during the pendency of the case. The care coordinator testified that while he is "semi-bonded" to his mother, he is more bonded with the aunt and uncle. He is doing well in the relative placement. Permanency in the form of termination of the mother's parental rights and adoption is in D.S.'s best interests. *See In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006) ("[I]t is in [the child's] best future interests to be free for adoption so he may be placed in a permanent and stable home with consistent care.").

### D. Permissive Factors.

The mother maintains the juvenile court should have exercised its discretion not to terminate her parental rights because of the closeness of the bond between D.S. and the mother and because D.S. is in a relative placement. *See* Iowa Code § 232.116(3)(a), (c).

Upon our de novo review of the record, the permissive factors do not weigh against termination of the mother's parental rights. We have addressed the mother's claim of her bond to the child, and it does not weigh against termination. The guardian ad litem recommended termination. Additionally,

although D.S. is placed with a relative, the maternal aunt and uncle caring for D.S. stated they no longer have a relationship with the mother.

**IV. Conclusion.**

Because medical privilege is not a ground for excluding evidence at a termination hearing, the district court did not abuse its discretion is admitting the report and testimony of the substance abuse evaluator.  The statutory grounds for termination have been met and a six-month extension is not warranted. Termination is in D.S.'s best interests, and no permissive factor weighs against termination.  We affirm the juvenile court's order.

**AFFIRMED.**